UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                            Criminal Case No. 24-20273

MARKEISE SAMUELS,              Sean F. Cox
                                               United States District Court Judge

    Defendant.

_____/

## MEMORANDUM OPINION
## FINDING DEFENDANT COMPETENT TO STAND TRIAL

In this criminal action, Defendant Markeise Samuels is charged with two firearm offenses. The parties filed a joint motion for a competency evaluation, which this Court granted. The Court has since received the written report from the forensic psychologist who examined Defendant and a competency hearing was held on October 18, 2024. As stated on the record on that date, this Court finds that Defendant Samuels is competent to stand trial in this action.

### BACKGROUND

In this criminal case, Defendant is charged with: 1) Theft of Firearms from a Federal Firearms Licensee, in violation of 18 U.S.C. § 922(u) (Count One); and 2) Possession of a Stolen Firearm, in violation of 18 U.S.C. § 922(j) (Count Two).

On May 29, 2024, the parties filed a "Joint Motion For A Competency Evaluation." (ECF No. 13). This Court granted that motion in an Order issued on June 21, 2024. (ECF No. 15).

The Court has since received the "Forensic Evaluation" report issued by T.K. Smith,

1

Psy.D, a forensic psychologist. (*See* attached). Dr. Smith opines that Defendant "does not appear to have a mental disease or defect which would impair his present ability to understand the nature and consequences of the court proceedings against him or to assist in his defense." (Report at 13).

## ANALYSIS

A competency hearing "shall be conducted pursuant to the provisions of section 4247(d)." 18 U.S.C. §4241(c). A defendant whose mental competency to stand trial is in question has a constitutional right to be present at the hearing to determine competency, and the hearing may not be conducted in the defendant's absence. 18 U.S.C. § 4247(d); FED. PROC. § 22:549, *Hearing and Determination as to Competency*.

Section 4247(d) further provides that the defendant whose mental condition is the subject of the hearing "shall be afforded an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witness who appear at the hearing."

Defendant Samuels, however, did not seek to present any evidence or witnesses at the October 18, 2024 hearing.

It is "well settled that the question of competency of a defendant to stand trial under 18 U.S.C. §§ 4244-4246 is to be determined by the district judge alone and that a defendant is not entitled to a trial by jury to determine the issue." *United States v. Davis*, 365 F.2d 251, 256 (6th Cir. 1966).

"The determination of whether a defendant is mentally competent to stand trial is a question left to the sound discretion of the district court, with the advice of psychiatrists [or other professionals]. The medical opinion of experts as to the competency of a defendant to stand trial

2

is not binding on the court, since the law imposes the duty and responsibility for making the ultimate decision of such a legal question on the court and not upon medical experts." FED. PROC. § 22:549, *Hearing and Determination as to Competency; United States v. Davis, supra.*

A person is incompetent to stand trial if he is "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C.A. § 4241(d).

"If, after the hearing, the court *finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense*, the court shall commit the defendant to the custody of the Attorney General." 18 U.S.C. §4241(d) (emphasis added).

On the other hand, if the Court finds that Defendant is competent to stand trial, it makes a ruling that it finds Defendant is competent to stand trial.

This Court, having considered the written report of T.K. Smith,, Psy. D., and having personally observed Defendant on several occasions during the course of this action, finds that Defendant is competent to stand trial in this action.

## CONCLUSION & ORDER

For the reasons set forth above, this Court FINDS that Defendant Samuels is competent to stand trial in this matter.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: October 18, 2024